J-S13039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEXTER ELLIOT WILLIAMS, JR. | : | |
| | : | |
| Appellant | : | No. 1419 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001925-2017

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED MARCH 27, 2020**

Dexter Elliot Williams, Jr. (Williams) appeals from the judgment of sentence imposed by the Court of Common Pleas of Lebanon County (trial court) after a jury convicted him of, among other offenses, firearms not to be carried without a license. On appeal, he raises sufficiency and weight of the evidence claims. After review, we affirm.

On June 6, 2017, Pennsylvania State Trooper Eric Dreisbach was on patrol when he saw a car make several lane changes without signaling. Trooper Dreisbach pulled the car over and spoke to the driver, Williams. He explained that the car was his girlfriend's and that he had been borrowing it for several weeks. Trooper Dreisbach had Williams exit the car and asked if

_____

[*] Retired Senior Judge assigned to the Superior Court.

he could search it.  Williams consented and said there were no drugs or guns in the car.  Inside the unlocked glovebox, Trooper Dreisbach found a loaded revolver wrapped in a sock.  On top of the backseat, he found a box of .38 caliber ammunition that was usable with the revolver.  Finally, in the trunk, Trooper Dreisbach found a bag containing suspected marijuana, small plastic baggies and a digital scale.  Through investigation, Trooper Dreisbach determined that the revolver was registered to Patrick Douglass (Douglass), one of Williams' former co-workers, and that Williams did not have a license to carry a firearm.  No fingerprints were found on the revolver.

Williams eventually proceeded to a jury trial on charges of firearms not to be carried without a license, possession of marijuana—small amount, and possession of drug paraphernalia.[1]  Douglass explained at trial how his revolver ended up in the glovebox.  He testified that one night in the spring of 2017, he and Williams went to a bar in Williams' car.  Because guns were not allowed inside the bar, Douglass put the revolver in the glovebox but did not tell Williams.  Douglass went home with someone else that night and never contacted Williams to get his gun back.  Douglass did not remember putting the revolver in a sock and stated that was not something he would have done.  Douglass also did not remember having a box of ammunition with him the night that he left the revolver in Williams' car.

---

[1] 18 Pa.C.S. § 6106(a)(1), 35 P.S. §§ 780-113(a)(31), (a)(32), respectively.

Williams testified in his own defense and admitted that the marijuana and paraphernalia were his but denied knowing that the revolver was in the glovebox.

The jury found Williams guilty on all counts. The trial court sentenced him to serve 12 to 30 months' imprisonment on the firearms offense and concurrent sentences on the marijuana and paraphernalia offenses. He filed post-sentence motions for judgment of acquittal and a new trial, both of which the trial court denied. Williams then filed this appeal to raise sufficiency and weight of the evidence claims.

Williams first argues that the Commonwealth presented insufficient evidence to sustain his firearms conviction.[2] He contends that the

_____

[2] Our standard of review for a sufficiency claim is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Hill*, 210 A.3d 1104, 1112 (Pa. Super. 2019) (internal citations, quotation marks, and brackets omitted).

Commonwealth did not establish that he knew the revolver was in the glovebox, highlighting that he had the car for only a few weeks; no fingerprints were found on the gun; and Douglass admitted that he put the revolver in the glovebox without Williams knowing.

The offense of firearms not to be carried without a license is defined, in relevant part, as follows:

> (1)...any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a). Where possession is an element of an offense, the Commonwealth must demonstrate either actual or constructive possession. *See Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013). Because the revolver was not recovered on Williams' person, the Commonwealth needed to establish constructive possession.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id*.

Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to convict of firearms not to be carried

without a license. First, the revolver was discovered wrapped in a sock. Douglass, however, testified that he would not have wrapped the revolver in a sock before placing it in the glovebox. *See* N.T., 1/31/19, at 37. From this testimony, the jury could infer that Williams knew about or discovered the revolver in the glovebox after Douglas left it there, and that he then wrapped it in the sock. Second, a box of ammunition was discovered in the backseat. Significantly, Trooper Dreisbach testified that it was "out in the open" and was the same caliber that could be used in the revolver. *Id*. at 17. Further, when asked about the ammunition, Douglass did not remember having any with him the night he left the gun in the glovebox. *Id*. at 38. Again, like the sock, the jury could infer that Williams knew about the revolver, especially since there was matching ammunition exposed in the backseat and there was no evidence that the ammunition belonged to Douglass.

Additionally, Williams was the sole occupant of the car and admitted he had been driving it for several weeks, making it more likely that he would have known or discovered the revolver in the glovebox, which was unlocked. Williams also lied that there were no drugs in the car, admitting at trial that he knew about the marijuana and paraphernalia in the trunk but lied because the trooper had just discovered the gun. *Id*. at 49. Based on this dishonesty, the jury could infer a consciousness of guilt. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011) (sufficient evidence to convict on illegal possession of firearm where defendant drove car with no passengers, gun was

found in passenger-side compartment, and defendant lied about his name and date of birth). Based on the totality of the circumstances, there was sufficient evidence to establish that Williams constructively possessed the revolver and, therefore, be convicted of firearms not to be carried without a license.

Next, Williams raises a weight of the evidence claim, arguing he is entitled to a new trial based on Douglass' testimony that he left the revolver in the glovebox without telling Williams.[3] Based on the evidence outlined above, the trial court did not abuse its discretion in denying Williams' post-sentence for new trial. Williams was the sole occupant of a car that he admitted he had been driving for several weeks; he lied to the police about there being drugs in the car; the revolver was wrapped in a sock that Douglass testified he would not have put it in; and matching, unconcealed ammunition was discovered in the backseat.

_____

[3] Our standard of review for a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014) (citation omitted).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2020